## FOWLER v STATE

Ohio Appeals, 6th Dist, Fulton Co

No 218. Decided April 19, 1932

C. L. Newcomer, Bryan, and Fred B. Fowler, Wauseon, for plaintiff in error.

Leslie S. Ward, Wauseon, for defendant in error.

CROW, J (3rd Dist), sitting in the place of WILLIAMS, J (6th Dist).

CROW, J.

Confining this opinion to the errors argued in the briefs for plaintiff in error, we shall treat them in the order of their occurrence at the trial.

A plea in abatement challenged the lawfulness of the grand jury which returned the indictment, the date of the return being October 12, 1931.

The statutes governing the selection of grand and petit juries underwent important changes by the Act of April 10, 1931, (114 O. L., 193) which became effective August 2, 1931, and is known as the Jury Code.

By stipulation it was shown that the names of the jurors of the grand and petit juries in the county were drawn in the manner provided by the statutes in effect prior to August 2, 1931, the order having been made on September 7, 1931.

The stipulation further showed that certain of the mandatory requirements of the statutes which took effect on August 2, 1931, had not been complied with.

To the insistence of the learned counsel for plaintiff in error that the provisions of the Act effective August 2, 1931, were the ones, and the only ones to have been followed, it is a sufficient answer to note §11419-9 GC of the Jury Code, and in con-

nection, to quote §11419-40, GC, which reads as follows:

"Grand and petit jurors for courts of record shall continue to be drawn and summoned, and shall serve as now prescribed by law until the making and filing of the lists and the preparation and deposit of the ballots as provided for in this act. And thereafter they shall be drawn and notified, and shall serve as prescribed in this act."

By plea, motion and demurrer, the indictment was assailed on numerous grounds, none of which presents a point touching any substantial reason why defendant should not have gone to trial, excepting that the indictment did not state an offense.

The crime attempted to be charged, was a violation of §12472, GC, which reads as follows:

"Whoever, being a president, director, trustee, member of a committee, secretary, treasurer, attorney or other officer or agent of a building and loan association or savings association as provided by law, embezzles, abstracts or wilfully misapplies any of the moneys, funds or credits thereof, or issues or puts into circulation a warrant or other order, or assigns, transfers, cancels or delivers a note, bond, draft, mortgage, judgment, decree or other written instrument belonging thereto, or raises money otherwise, or receives money from a member or other person for and in the name of such association unless authorized so to do by the board of directors thereof, shall be imprisoned not less than one year nor more than ten years and be liable to the person injured thereby to the extent of the damages incurred. Suit may be brought against the person so violating and the securities on his bond given to such association for the faithful performance of his duty."

We can not find omission of any of the essential elements constituting the crime as thus defined; it is alleged, among other essentials, that Fowler was secretary, and that as such secretary he embezzled money and funds of the building and loan association.

Embezzlement has a well-defined meaning, and occurs whenever there is the fraudulent appropriation of property by one to whom it has been entrusted or into whose hands it has lawfully come. Hence no more need be said on that point.

It was also contended that more than one offense was charged, but at the trial, defendant demanded that the state elect be-

tween the alleged several offenses, whereupon the state did elect to try on the charge of embezzlement.

When the petit jury was called, counsel for defendant challenged the array on the ground that it was not a lawful jury, for the same reason put forth in support of the claim that the grand jury had not been lawfully drawn.

The same reason we have already given for holding the grand jury to have been lawfully drawn, applies to the drawing of the petit jury.

Certain peremptory challenges by counsel for defendant, were overruled, which, it is urged, constitute an abuse of discretion.

Without going into detail concerning this assignment of error, no more need be said than that if an error or irregularity resulted from the action of the trial court, the same did not assume the proportions of an abuse of discretion.

The evidence in support of the indictment tended to prove that defendant was secretary of the building and loan association named in the indictment, and that while acting in that capacity he received a deposit of one thousand dollars on January 10, 1925, and as evidence thereof entered a credit of that amount in the passbook of the depositor who delivered him the money, and that he, as said secretary, entered on the books of the building and loan association for which he was so acting, the transaction as though the deposit was five hundred dollars instead of one thousand dollars; and that he personally retained five hundred dollars of the deposit.

The evidence further tended to prove that between that date and the year 1931, defendant committed numerous like appropriations in a similar manner. Detection of the various embezzlements was evaded by defendant through the duplication of passbooks he prepared, in all particulars excepting amounts of the deposits which were the subject of the takings, the duplicates containing the false entries, being those furnished by defendant to the persons whose duties were to audit the books of the building and loan association.

The evidence further tended to prove that in January, 1931, defendant admitted commission of the many embezzlements including the one which was the subject of the indictment.

The evidence, the tendency of which we have recited, was abundant to establish guilt beyond a reasonable doubt, and its sufficiency has not been questioned by his counsel.

No evidence was introduced in behalf of defendant; not even did he testify.

Witnesses who testified to the admissions of guilt by defendant, in January, 1931, immediately following the discovery of the embezzlements including the one in issue herein, were asked on cross examination whether during conversations in which the admissions were made, it was not agreed between the directors of the building and loan association and the defendant, that defendant should and did in January, 1931, convey property to the building and loan association, of a value substantially equivalent to the aggregate of the various sums embezzled by defendant; which aggregate was in excess of fifty-two thousand dollars. Objection was sustained to such efforts of defendant's counsel to prove that defendant had, pursuant to the agreement, settled and satisfied his said embezzlements, and this is urged as reversible error.

We have no doubt of the correctness of that exclusion of evidence. The embezzlement in this case was amply proved by the facts that when defendant received the one thousand dollars, he himself made such entries in the books of the building and loan association as to show that the latter did not receive five hundred dollars of the money, and that he never thereafter treated the five hundred dollars which the books of the association failed to show he or it received, as the money of the association.

We will not discuss any of the many cases cited by counsel for plaintiff in error concerning series of alleged embezzlements, because none of them had to do with one embezzlement committed as was this one. We repeat that, in this case the offense was shown to have been committed because of the entries made by defendant himself and his retention of the money.

It is also insisted that defendant was entitled to the benefit of the aforesaid testimony sought to be brought out by cross examination, as tending to disprove unlawful intent. We can think of no reason and we have been cited to no case in confirmation of counsel's position on that point. If there was no other reason for rejecting such evidence, the long period of time elapsing between the alleged commission of the offense and the claimed settlement, even though it involved the restoration of property, would require the exclusion of such evidence.

No step taken at any stage of the trial erroneously impinged on the right of plaintiff in error to have a fair and impartial trial, and this court is required to affirm the judgment, which is now done.

LLOYD and RICHARDS, JJ, concur.